UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. COPAS, DANIEL J. HARTMAN, RODNEY HALCOMB, KERRY LYNN ELIEFF, EMILY CRAWFORD, and ROBYN MATSON

    Plaintiffs

v.

KELLY SACKETT, and THE KALAMAZOO COUNTY REPUBLICAN COMMITTEE

    Defendants,

And

MICHIGAN REPUBLICAN STATE COMMITTEE

    Intervening Defendant.

_____/

Case No. 1:24-cv-00555

HON. PAUL L. MALONEY


**DEFENDANTS' REPLY BRIEF TO [ECF No. 22] PLAINTIFFS' RESPONSE TO DEFENDANT' MOTION TO DISMISS COMPLAINT**

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

ARGUMENT ..............................................................................................................................1

    1.      This Court does not have jurisdiction; Plaintiffs have not asserted a federal question; Rule 12(b)(1) ................................................................................1

    2.      Whether the underlying claims are justiciable as a breach of contract claim; Rule 12(b)(1) and (b)(6) ..................................................................3

    3.      This case should be dismissed in its entirety based on abstention; Rule 12(b)(1) and Rule 12(b)(6) ...........................................................................5

    4.      Plaintiffs have still not served Defendant KGOP; Rule 12(b)(5) ...............................6

    5.      Plaintiffs have failed to join necessary indispensable parties; Rule 12(b)(7) ................................................................................................................6

    6.      Plaintiffs have failed to state a claim upon which relief can be granted; Rule 12(b)(6) .............................................................................................6

CONCLUSION ..........................................................................................................................7

CERTIFICATE OF COMPLIANCE ......................................................................................8

CERTIFICATE OF SERVICE ................................................................................................8

i

DePerno Law Office, PLLC ● 951 W. Milham Avenue, PO Box 1595 ● Portage, MI 49081
(269) 321-5064 (phone) ● (269) 321-5164 (Fax)

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                              Page

*Baker v Carr*, 369 US 186 (1962) .................................................................................................. 3

*California Democratic Party v. Jones*, 530 U.S. 567 (2000) ........................................................ 2

*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) ....................................... 5

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ..................................... 5

*Heitmanis v Austin*, 899 F.2d 521 (6th Cir. 1990) .......................................................................... 3

*Herbert v. Lando*, 441 U.S. 153, 168 n.16 (1979) ......................................................................... 2

*Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. _____, 139 S. Ct. 1921, 1926 (2019) .......... 2

*Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) ........................................................................ 3

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ........................................................................ 5

**Michigan Supreme Court Cases**

*American Independent Party of Michigan v Secretary of State*, 397 Mich 689; 247 NW2d 17 (1976) .............................................................................................................................................. 4

**Michigan Court of Appeal Cases**

*Conlin v Upton*, 313 Mich App 243; 881 NW2d 511 (2015) ......................................................... 5

*Kauffman v Chicago Corp*, 187 Mich App 284, 466 NW2d 726 (1991) ....................................... 5

**Michigan Lower Court Cases**

*Malinda Pego et al v Kristina Karamo*, Case No. 2024-658-CZ, Kent County Circuit Court .................................................................................................................................................. 3, 5

*KGOP et al v Halcomb et al*, Case No. 2024-0020-CZ, Kalamazoo County Circuit Court .................................................................................................................................................. 3, 5

**Federal Statutes**

NONE

**Michigan Statutes**

MCL 168.1 through 168.992 ........................................................................................................... 6

DePerno Law Office, PLLC ● 951 W. Milham Avenue, PO Box 1595 ● Portage, MI 49081
(269) 321-5064 (phone) ● (269) 321-5164 (Fax)

**Federal Rules of Civil Procedure**

Rule 4(h) ........................................................................................................................................6

Rule 12(b)(1)..........................................................................................................................1, 3, 5

Rule 12(b)(5)..................................................................................................................................6

Rule 12(b)(6).............................................................................................................................3, 5-6

Rule 12(b)(7)..................................................................................................................................6

**Michigan Court Rules**

NONE

**Other Citations**

NONE

## INTRODUCTION

Plaintiffs' response does little more than repeat their complaint. The response itself is a minefield of distortions, wandering thoughts, and disconnected ideas which push the reader into a deep fog of hypnosis and confusion. It ignores or distorts many of Defendants' arguments, almost each analysis section is just a statement of law and a conclusory assertion that "Plaintiffs successfully pleaded this cause of action." To the contrary, Defendants thoroughly analyzed Plaintiffs' perplexing complaint in their motion to dismiss. Plaintiffs gave 34 pages of halfhearted, incomplete, confusing responses. Case-law quotations and unsupported legal conclusions cannot replace facts. Plaintiffs have failed to apply their alleged facts to the law cited and therefore fail to meaningfully respond to Defendants' motion. Accordingly, Defendants' motion should be granted.

## ARGUMENT

1. **This Court does not have jurisdiction; Plaintiffs have not asserted a federal question; Rule 12(b)(1)**

Plaintiffs' response does nothing to advance their circular argument regarding the federal question. They claim their federal question argument is presented under the First Amendment right to freedom of association and Fourteenth Amendment, which prevents infringement on those rights. They argue that the underlying trial court cases prevented them from associating with the Republican Party because they were removed. Then they argue that courts have no jurisdiction over political parties under any circumstances. They conclude that this Court must take jurisdiction to declare their removal from the Republican Party was improper even though they claim no court has jurisdiction to make such a declaration. Notwithstanding that circular argument, Plaintiffs fail to understand that the Republican Party, its executive committee, the district committees, and the county committees are all private organizations. The First

Amendment only prevents government restrictions. It does not prevent restrictions imposed by private individuals or organizations.

Nevertheless, Plaintiffs seem to be arguing that they have a right under the First Amendment to associate with the Republican Party. As pointed out in the motion to dismiss, just the opposite it true. The private organizations have the right under their bylaws and historic internal party operations to remove disruptors, chaos agents, and stealth Democrat infiltrators (such as Plaintiffs) from their ranks. In *California Democratic Party v. Jones*, 530 U.S. 567 (2000), the U.S. Supreme Court reiterated that political parties, as private associations, have the right to determine who can and cannot participate in the internal party process. Justice Scalia recognized in his majority opinion that "in order to prevent 'party raiding' – a process in which dedicated members of one party formally switch to another party to alter the outcome of that party's primary – a State may require party registration a reasonable period of time before a primary election. [*Id*. at 572.] That is our situation here, the Republican Party as a private association has to the right to exclude stealth Democrats from participation.

To establish a First Amendment claim, a plaintiff must first establish that their rights were violated by a state actor, not a private individual.[1] The First Amendment by its terms applies only to laws enacted by Congress and not to the actions of private persons.[2] Having established that political parties are private associations, it is entirely frivolous for Plaintiffs to argue that such private association violated their First Amendment and Fourteenth Amendment

---

[1] *See, e.g.*, *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. _____, 139 S. Ct. 1921, 1926 (2019) ("The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors. To draw the line between governmental and private, this Court applies what is known as the state-action doctrine.").

[2] Through interpretation of the Fourteenth Amendment, the prohibition extends to the states as well. Of course, the First Amendment also applies to the non-legislative branches of government – to every government agency – local, state, or federal. *Herbert v. Lando*, 441 U.S. 153, 168 n.16 (1979).

2

rights. Whether a cause of action arises under federal law must be apparent from the face of the "well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Plaintiffs allege that there is a federal question in this case. That is false because Defendants are not state actors. Therefore, Plaintiffs case must be dismissed

**2.      Whether the underlying claims are justiciable as a breach of contract claim; Rule 12(b)(1) and (b)(6)**

As best we can tell, Plaintiffs attempt to distinguish the "federal question" argument from the "justiciability" argument (i.e. the political question doctrine). It does not matter how they try to reclassify their argument. Simply put, because they call a duck a goose does not make a duck a goose. Nevertheless, we will address the justiciability argument. Neither this case nor the underlying cases[3] present a nonjusticiable political question. Rather, the underlying circuit court cases present claims of breach of contract and tort; and courts have jurisdiction of those claims.

To address the political question doctrine, the United States Supreme Court applied a two-part test in *Baker v Carr*, 369 US 186 (1962):

> The first criterion concerns policymaking: it requires the court to stay its hand when faced with "the impossibility of deciding [the controversy] without an initial policy determination of a kind clearly for nonjudicial discretion." . . . The second criterion concerns the practicability of a judicial resolution of the controversy; it forbids the court from entertaining the suit if "judicially manageable standards for resolving" the controversy are absent. [*Id*. at 525-26; citing 369 US 186, 217 (1962)].

In *Heitmanis v Austin*, 899 F.2d 521, 525-526 (6th Cir. 1990), the Sixth Circuit Court of Appeals concluded that the dispute in *Heitmanis* was justiciable for two reasons: (1) the National Party rules (which, unlike the State Party rules, permitted automatic delegate seating) did not incorporate state election law, so the disagreement was "not a pure question of internal party policy[,]" but instead concerned the Election Law and the rules governing the State Party; and

---

[3]      *Pego et al v Karamo*, Case No. 2024-00658-CZ, Kent County Circuit Court and *KGOP et al v Halcomb et al*, Case No. 2024-0020-CZ, Kalamazoo County Circuit Court

3

(2) the National Party could not consent to a state statute that was facially unconstitutional. [*Id.*] at 526. In other words, the issue did not involve an initial policy determination and federal courts clearly have judicially manageable standards for resolving constitutional disputes. [*Id.* at 526-27.] Therefore, the case was justiciable. [*Id.*]

Substantively, Plaintiffs cite only one case applying Michigan law. In *American Independent Party of Michigan v Secretary of State*, 397 Mich 689; 247 NW2d 17 (1976), the American Independent Party split, and each faction formed its own State Central Committee and called its own state convention. Each faction then presented its slate of candidates for the general election to the State Director of Elections, who advised each that he would only accept a single slate certified by the chairmen of both factions. [*Id.* at 693.] Litigation ensued, the federal district court dismissed the complaint of the "Chapman" faction, and the Court of Appeals ordered the Secretary of State and Director of Election to include both factions on the general ballot. [*Id.*] On appeal, the Michigan Supreme Court reversed the Court of Appeals, concluding that the State could limit each political party to one candidate for each office and could "insist that intraparty competition be settled before the general election by the primary election or by party election." [*Id.* at 695-696.]

The underlying trial court cases, are about the interpretation of bylaws and multiple torts, including fraud, obstruction of justice, identity theft, misappropriation, interference with business, and conspiracy. Indeed, *American Independent Party of Michigan* does not involve the interpretation of bylaws. Rather, it confirms the rule: courts *may* adjudicate disputes concerning political parties where (1) the dispute does not involve a pure question of internal party *policy*, and (2) the court has judicially manageable standards for resolving the dispute.

DePerno Law Office, PLLC • 951 W. Milham Avenue, PO Box 1595 • Portage, MI 49081
(269) 321-5064 (phone) • (269) 321-5164 (fax)

Applying the United States Supreme Court two-part test from *Baker v Carr*, the underlying circuit court cases of *Pego et al v Karamo* and *KGOP et al v Halcomb et al* were justiciable. First, those cases do not involve a pure question of internal party policy. The resolution of those case calls upon the trial courts to determine whether the Bylaws were followed and whether multiple torts were committed, including fraud, obstruction of justice, identity theft, misappropriation, interference with business, and conspiracy. Second, underlying trial courts have judicially manageable standards for resolving disputes of this nature. Bylaws "constitute a binding contractual agreement between [an] [entity] and its members." *Conlin v Upton*, 313 Mich App 243, 255; 881 NW2d 511 (2015); see also *Kauffman v The Chicago Company*, 187 Mich App 284, 287; 466 NW2d 726 (1991) ("stating that the constitutions, rules, and bylaws of the entity at issue "constitute[d] a contract by all members" of the entity "with each other and with the [entity] itself"). Courts regularly determine the rights and duties of individuals and other entities by interpreting bylaws and contracts. Indeed, it is the bread and butter of courts to make factual findings about parties' actions and determine whether those actions satisfy the requirements of the law, a contract, or as in this case, the bylaws of a private association. Plaintiffs are trying to use this federal case as an appellate court for the underlying cases. Plaintiffs case must be dismissed.

3.  **This case should be dismissed in its entirety based on abstention; Rule 12(b)(1) and (b)(6)**

Defendants have fully briefed the abstention argument in their opening brief. Abstention is justified here under both the *Rooker-Feldman*[4] doctrine and the *Colorado River*[5] doctrine. Both *Pego et al v Karamo* and *KGOP et al v Halcomb et al* are presently in the Michigan Court

---

[4]  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[5]  *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976).

5

of Appeals. Plaintiff are trying to circumvent the normal state appellate process by filing a collateral attack in federal court. This Court should not entertain that type of gamesmanship and should not dismiss this case. Because those cases involve the same claims and issues that Plaintiffs try to advance in this case, the Court should dismiss this case in its entirety based on abstention. Plaintiffs' arguments in their response brief are not persuasive. This Court should not entertain that type of gamesmanship and should dismiss this case.

4.  **Plaintiffs have still not served Defendant KGOP; Rule 12(b)(5)**

Plaintiffs claim they cured the issue of service. They did not. Under either Rule 4(h) or MCR 2.105(E), Plaintiffs are required to serve an association through both personal service on an officer <u>AND</u> mailing a copy to the Defendant. Here, Plaintiffs readily admit that they did not mail a copy to the Defendant. Therefore, service was not proper.

5.  **Plaintiffs have failed to join necessary indispensable parties; Rule 12(b)(7)**

Plaintiffs only address the joinder issue as to the Michigan Republican Party. They fail entirely to address the issue of necessary joinder of Kristina Karamo. She is an indispensable party. She is the sole defendant in the underlying Kent County litigation. This case cannot proceed in equity or good conscience in her absence.

6.  **Plaintiffs have failed to state a claim upon which relief can be granted; Rule 12(b)(6)**

Defendants have fully briefed the Rule 12(b)(6) arguments in their opening brief. Plaintiffs' arguments in their response brief are not persuasive, but instead support Defendants' arguments. To sum up this issue, Plaintiffs admit in their response brief that yes, they are using this federal litigation to declare that any state law (not specifically incorporated into the bylaws) that regulates the conduct of a political party, is unconstitutional. Again, Michigan Election Law is governed by Chapter 168, Act 116 of 1954, being MCL 168.1 through 168.992. Plaintiffs want this Court to declare roughly 992 statutes to be unconstitutional with the stroke of a pen and

6

without any analysis at all.[6] It is absurd and frivolous. Plaintiffs do not dispute this to be their intent. Instead, they double down on lean into it.

## CONCLUSION

For the foregoing reasons and as set forth in Defendants' opening brief, this Court should dismiss all claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and (b)(6); insufficient service of process under Fed. R. Civ. P. 12(b)(5); failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6); and failure to join a party under Fed. R. Civ. P. 12(b)(7).

Respectfully submitted

DePERNO LAW OFFICE, PLLC

Dated: August 12, 2024

_____
Matthew S. DePerno (P52622)
Attorney for Defendants

---

[6]  See page 32 of Plaintiffs' response brief. [ECF No. 22, PageID.782].

"The Plaintiff states that is precisely what the case *Ferency*, supra, *Heitmanis*, supraie [sic], and *O'Brien*, supra provide that the internal governance of a political committee is subject to the freedom from <u>*legislative interference*</u> as state action under the constitutional analysis unless there is compelling state interest."

7

DePerno Law Office, PLLC ● 951 W. Milham Avenue, PO Box 1595 ● Portage, MI 49081
(269) 321-5064 (phone) ● (269) 321-5164 (fax)

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation set forth in Local Rule 7.2(b) because the brief contains 2,326 words, including headings, footnotes, citations, and quotations, but not including the case caption, coversheets, any table of contents, ant table of authorities, signature block, attachments, exhibits, or affidavits, in compliant with Local Rule 7.2(b).

Dated: August 12, 2024

Respectfully submitted
DePERNO LAW OFFICE, PLLC

_____
Matthew S. DePerno (P52622)
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2024, a copy of the following:

1. Defendants' Reply Brief to [ECF No. 22] Plaintiffs' Response to Defendants' Motion to Dismiss Complaint

were served upon the attorneys of record of all parties to the above by electronic filing with the Clerk of the Court using the E-Filing System. The statement above is true to the best of my information knowledge and belief.

Dated: August 12, 2024

Respectfully submitted
DePERNO LAW OFFICE, PLLC

_____
Matthew S. DePerno (P52622)
Attorney for Defendants

8

DePerno Law Office, PLLC • 951 W. Milham Avenue, PO Box 1595 • Portage, MI 49081
(269) 321-5064 (phone) • (269) 321-5164 (Fax)