IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES M. COPAS,**  Honorable Paul L. Maloney
**DANIEL J. HARTMAN,**
**RODNEY HALCOMB,**
**KERRY LYNN ELIEFF,**
**EMILY CRAWFORD,**
**ROBYN MAXSON**

CIVIL ACTION NO: 1:24-cv-00555-PLM- SJB

    Plaintiffs,

**Vs**

**KELLY SACKETT and THE**
**KALAMAZOO REPUBLICAN COMMITTEE**

    **Defendants**

---

| | |
|---|---|
| Daniel j. Hartman (P52632) | Matthew S. DePerno(P52622) |
| Attorney for Copas & Hartman | Attorney for Defendants |
| PO Box 307 | 951 W. Milham Avenue |
| Petoskey, MI 497701185 | PO Box 1595 |
| (231) 348-5100 | Portage, MI 49081 |
| Danjh1234@yahoo.com | (269) 321-5064 |

Lester N. Turner (P21632)
Attorney for Plaintiffs Halcomb,
Elieff, Crawford and Maxson
Hideaway Valley Drive #34
Harbor Springs, MI 49740
(231) 269-1403
lesternturner@gmail.com

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONs**

NOW Come Plaintiffs and for their answer to Defendants' Motion for Rule 11 and Section 1927 Sanctions, state:

Preliminarily Response:  Defendants' Attorney is wasting judiciary time in filing this motion and brief:

a)  The Motion and Brief to Dismiss the Complaint are without merit.

b)  The Motion for Sanctions is filed while for Motion to Dismiss is pending.

c)  The Brief in support of the Motion for Sanctions is a 90% repeat of the Defendants' Brief in Support of their Motion to Dismiss.  Defendants' attorney has at least referred to the documents in this brief (after receiving Plaintiffs' proper brief with ECF references, he has now used ECF references), organized differently with paragraph numbers and letters, and has devoted a few pages to arguing sanctions.  However, under the argument portion of the brief, page 12 to the end is a copy of the Brief in Support of the Motion to Dismiss (except he left out the failure to serve the Kalamazoo Committee.  This was done with no changes to the Rooker-Feldman Doctrine and the Colorado River Doctrine arguments after receiving Plaintiffs' brief showing they were not applicable in this matter. Of course, Attorney DePerno's brief violates LcicR 7.4, number of words.

**IN ANSWER TO DEFENDANTS'S PARAGRAPHS:**

1.   Plaintiffs deny their complaint lacks a basis of law and fact.  Plaintiffs deny their Complaint is a prolix, rambling complaint.  Plaintiffs deny that their claims are meritless.  The complaint does not contain facts that are false or theories filed

without the requisite specificity of claims, Plaintiffs' attorneys deny that they failed to conduct a reasonable inquiry into the law.  Plaintiffs' attorneys, having conducted a thorough reach into the law concluded that the facts and law entitled the Plaintiffs to a Declaratory Judgment on the matters for which they requested relief.

2. **Facts:**

    Plaintiffs rely on Their Brief Filed contemporaneously with this Response to Motion **and on Plaintiffs' Brief filed in Response to Defendants' Motion to Dismiss.**

3. Compliance with "Safe Harbor"

    Plaintiffs' have already shown that Defendant failed to Comply with LcivR 7.1, as set forth in Plaintiffs' Brief in Response to Defendants' Brief in Support of Defendants' Motion to Dismiss.

4. **Compliance with LR 7.1**

    Deny.  **Plaintiffs' Attorney provided this information in Response to Defendants' Brief for Motion to Dismiss.**

5. **Relief Requested:**

    **Defendants are not entitled to any relief.**


                                                    Respectfully submitted

Dated: August 8, 2024                               /s/ Lester n. Turner
                                                    Lester N. Turner (P21632)